**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Luis REYES–PADRON,
Defendant-Appellant.**

**Nos. 822, 952, Dockets 75–1427, 76–1046.**

United States Court of Appeals,
Second Circuit.

Argued April 21, 1976.
Decided July 2, 1976.

Jonathan J. Silbermann, New York City (William J. Gallagher, The Legal Aid Society, New York City, of counsel), for appellant.

John S. Siffert, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Daniel J. Beller, Lawrence B. Pedowitz, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before MOORE, FEINBERG and GURFEIN, Circuit Judges.

MOORE, Circuit Judge:

Luis Reyes-Padron (appellant) appeals from a judgment of conviction following a jury trial. Judgment was entered on December 12, 1975 on one count of an amended, two-count indictment charging the appellant with narcotics violations. Appellant received a sentence of eight years imprisonment.

## I.

The lengthy indictment, which was shortened for purposes of clarification at trial,[1] charged appellant with conspiracy to receive and possess illegal narcotics (specifically, heroin), and with the substantive crime of knowingly receiving and concealing illegally imported narcotics. Appellant was convicted on the conspiracy count, but a mistrial was declared respecting the substantive count when the jury failed to reach agreement on a verdict.

The pertinent underlying facts are few. Viewed most favorably to the Government, the evidence at trial established that appellant was part of a group of individuals who procured quantities of heroin for distribution in New York. Transactions crucial to the scheme occurred in Florida and New York. Appellant was involved in the New York operations.

An informer introduced a federal undercover agent to certain of appellant's co-con-

---

1. Since only two of the indictment's seventeen counts named appellant, a redacted version of the indictment was submitted to the jury with the consent of the parties.

spirators. Appellant was apparently not physically present when heroin was sold to the undercover agent, but he was present when proceeds from the sale were counted, and he received a certain amount of heroin for his own possession or use shortly thereafter.

Appellant, who speaks little English, was supplied with the services of a court-authorized interpreter of his own choosing, as well as court-appointed counsel. Although appellant initially stated that he wished to represent himself, he subsequently accepted the services of his appointed attorney, who conducted the trial in the case.

At the close of trial, the district judge gave a lengthy charge to the jury which occupies some seventy-five pages of typewritten transcript. Appellant's trial counsel took no exception to the charge on a point not urged on appeal.

On appeal, appellant, through counsel, challenges an omission in the trial court's charge to the jury. Appellant, in a supplemental brief filed *pro se*, also makes two additional allegations of error, specifically, that he was not supplied with the immigration file on the Government's principal witness, and that certain other material which he requested pursuant to 18 U.S.C. § 3500 was not given to him in Spanish translation.

## II.

Appellant argues that the trial court failed to instruct the jury that knowledge of illegal importation was a required element for a conviction on the conspiracy count,[2] thus committing the same reversible error which this Court cited in *United States v. Massiah*, 307 F.2d 62 (2d Cir. 1962).

Appellant's reliance on *Massiah* is misplaced. In *Massiah*, a district judge mistakenly instructed the jury on the general con-

spiracy statute, 18 U.S.C. § 371, instead of the conspiracy statute relating to drugs which had been charged in the indictment, 21 U.S.C. § 174. The charge strongly suggested to the jury that knowledge of illegal importation was specifically *not* necessary for conviction on the conspiracy count. 307 F.2d at 71. Since the district court in *Massiah* failed to read either the conspiracy count of the indictment or the correct underlying statute in connection therewith to the jury (which would have included language respecting the requirement of knowledge), the court's charge left the jury without "the slightest idea that they must find knowledge of importation in order to convict under the conspiracy count". 307 F.2d at 71.

In the present case, the jury was in fact put on adequate notice respecting the requirement of knowledge. The district court read both the indictment—which contained specific language as to the requirement of knowledge of illegal importation— and the correct underlying statute to the jury.[3] We have held that where both the indictment and underlying statute (*i. e.* U.S.C. § 173, now repealed)[4] are read to the jury, the court's failure to explicate further on the element of knowledge is not plain error warranting reversal. *See, United States v. Papa*, 533 F.2d 815, 825 (2d Cir. 1976); *United States v. Bentvena*, 319 F.2d 916, 938 (2d Cir. 1963). Moreover, we note in this case that the district court's charge to the jury that knowledge of the conspiracy's illegal purpose[5] was required, effectively incorporated the elements of the substantive crime, of which knowledge of illegal importation was one.[6]

Taking the charge as a whole there can be no question that the jury was put on notice respecting knowledge. In view of this, and in view of the substantial evidence

---

**2.** At the time that the events charged in the indictment were alleged to have taken place, the controlling statutes were 21 U.S.C. §§ 173, 174 which, *inter alia*, embodied a requirement of knowledge of illegal importation. These sections were repealed effective June 1, 1971.

**3.** Trial transcript at 386–389.

**4.** See note 2, *supra*.

**5.** Trial transcript at 396.

**6.** The district court so charged the jury with regard to the substantive count. *See* Trial transcript at 408.

**36**

which was presented at trial,[7] we decline to find that the court's charge was plain error or contained "defects affecting substantial rights." F.R.Crim.P. 52(b). *United States v. Bentvena, supra,* at 319 F.2d 940.

■ Appellant's remaining assignments of error are without merit. The failure to produce the immigration file on a principal government witness was not attributable to any fault on the part of the Government; on the contrary, appellant's request for the document on the eve of trial was met with a good faith attempt by Government counsel to procure the file,[8] to which defense counsel took no exception.[9]

The contents of the particular file requested were not, it should be mentioned, unfamiliar to the defense. Appellant's court appointed counsel [10] was also the defense counsel at the earlier trial [11] of appellant's co-defendants,[12] at which the immigration file was produced.[13] Under the circumstances, it is difficult to imagine how appellant was prejudiced and, indeed, appellant has made no showing of prejudice to this Court. Accordingly, we hold that the failure to procure the said immigration file was not reversible error.

■ With respect to the 3500 material for which appellant requested a written translation, we need only note that the court-authorized interpreter provided an oral translation for appellant and that the trial court offered to adjourn the day's proceedings earlier than usual in order to enable defense counsel to study the material

in question. There has been no showing that the material was either so massive or so complex that the court's disposition of the matter was patently inadequate or prejudicial. On the contrary, defense counsel characterized the court's treatment of the issue as "fair".[14] We hold that the court did not commit error in failing to provide appellant with a written translation.

At the close of trial, appellant (through his interpreter) expressed his belief that the court had dealt with him fairly.[15] Having examined the record, we agree that a fair trial was given to appellant. Accordingly, we affirm the judgment below.

7. Appellant's claim that the mistrial demonstrated the jury's belief that knowledge had not been shown, is without merit. That appellant was not convicted of the substantive offense does not *ipso facto* mean that the jury ignored the requirement of knowledge of illegal importation. A jury verdict should not be disturbed on the basis of such conjecture, particularly where a defendant has failed to demonstrate actual prejudice on the basis of the evidence presented.

8. Trial transcript at 2.

9. Ibid.

10. Appellant's claim that he was proceeding *pro se* at the trial is belied by the record, which

indicates that appellant (albeit with certain interjections at trial) took full advantage of court-appointed representation at his trial and acceded to that representation.

11. Proceedings of October 10, 1975, before Judge Palmieri, transcript at 9.

12. Appellant was at the time a fugitive.

13. Proceedings of October 10, 1975, before Judge Palmieri, transcript at 10.

14. Trial transcript at 250.

15. Trial transcript at 300.